O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

Case No. SACV 12-0524-DOC-(JPRx)                                    Date:  September 20, 2012

Title: <u>LEONIDAS ALVARADO V. AURORA LOAN SERVICES, LLC ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Aurora Loan Services, LLC's Motion to Dismiss ("Motion") Plaintiff Leonidas Alvardo's Second Amended Complaint ("SAC"). (Dkt. 24.) The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After reviewing the motion, opposition, and reply, the Court herby GRANTS Defendant's Motion to Dismiss. All claims are dismissed with prejudice, except the second cause of action for breach of contract.

**I.     Background**

Plaintiff purchased the subject property on May 21, 2002 with a loan from Countrywide Home Loans ("CHL"). SAC ¶ 10. The Plaintiff executed two deeds of trust, the first for $365,000 and the second for $54,750. *Id.* In 2010, Plaintiff applied for and received a loan modification. SAC ¶ 12. Plaintiff alleges the loan modification was based on a calculation that included Plaintiff wife's income. *Id.* Plaintiff also alleges that at the time the first loan modification was approved, the Plaintiff and his wife were separated, thus Plaintiff's wife was not living with the Plaintiff or contributing to Plaintiff's household income. *Id.* Subsequently, Plaintiff defaulted on the modified loan. *Id.*

On November 8, 2011, the second deed of trust was assigned to the Defendant, and on November 16, 2011 the Defendant recorded a Notice of Default against the Plaintiff for the subject property. *Id.* at ¶ 13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)　　　　　　　　　　　　Date: September 20, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

---

On July 3, 2012, this Court dismissed Plaintiff's First Amended Complaint ("FAC") regarding Defendant's initiation of the foreclosure process on the subject property. (Dkt. 20.) On July 26, 2012, Plaintiff filed the SAC regarding the foreclosure, which raised the following issues: (1) violation of California Civil Code § 2923.5; (2) breach of contract; (3) negligence; (4) negligent infliction of emotional distress; (5) violations of the California Business and Professional Code § 17200; and (6) injunctive relief. (Dkt. 23.)

Plaintiff alleges that the loan modification was based on an inaccurate income and he seeks a second loan modification, though in the Opposition to Defendant's Motion to Dismiss ("Opposition") the Plaintiff characterizes the request not as a second loan modification but as a correcting of the error that presumably occurred when his wife's salary was taken into account in the first loan modification. (Opp., 12:18-12:24.)[1] Plaintiff alleges that Defendant initiated foreclosure proceedings without contacting the Plaintiff or presenting alternatives. SAC ¶ 22. Finally, Plaintiff also alleges the property is set to sell at a foreclosure sale. SAC ¶ 18.

On August 9, 2012, Defendant filed the present motion to dismiss Plaintiff's SAC in its entirety. (Dkt. 24.)

## II.　　Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire &*

---

[1] Plaintiff alleges he is now divorced from his wife. SAC ¶ 28. The Defendant, however, alleges that there is evidence that Plaintiff is not divorced. Mot. 5:18-6:6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)            Date: September 20, 2012
                                                                                                                 Page 3

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

     In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

     A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

     Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)            Date: September 20, 2012
                                                                                        Page 4

     Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

     Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

     However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

     Finally, Plaintiff cites *Hughes v. Rowe*, 449 U.S. 5 (1980), and claims that Defendant has not shown "beyond doubt" that Plaintiff can prove no set of facts in support of his claim. Opp'n at 6 (Dkt. 17). Plaintiff, however, evokes a standard reserved for pro se litigants in anticipation of "inartfully" pleaded complaints. *Hughes*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)  Date: September 20, 2012
Page 5

---

449 U.S. at 9. Since Plaintiff is represented by counsel, the Court is not bound by the lesser standard set forth in *Hughes*.

### III.   Discussion

#### a.   First Cause of Action for Violation of California Civil Code § 2923.5

Pursuant to California Civil Code § 2923.5, a mortgagee, beneficiary, or authorized agent must commence certain actions at least 30 days before filing a notice of foreclosure against the borrower. Cal.Civ. Code § 2923.5(a)(1) (West 2012). These actions include: (1) contacting the borrower to assess the financial situation; (2) advising the borrower that he or she has the right to a subsequent meeting; (3) and providing a toll-free number made available by the Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. § 2923.5(a)(2). In order to show compliance, the lender is required to attach to the notice of default a declaration stating that lender either contacted the borrower or attempted to contact the borrower with due diligence. § 2923.5(g). The only remedy provided by the statute is postponement of the foreclosure sale. *Wienke v. Indymac Bank FSB*, CV 10-4082 NJV, 2011 WL 871749, at *5 (N.D. Cal. Mar. 14, 2011); *Mabry v. Superior Court of Orange Cnty.*, 185 Cal. App. 4th 208, 213 (2010). Finally, § 2923.5 is applicable only when: (1) the mortgage or deed of trust is recorded from January 1, 2003, to December 31, 2007; and (2) the mortgage is secured by the borrower's principal residence. § 2923.5(i).

The Plaintiff alleges harm on the basis that the Defendant did not contact Plaintiff, explore alternatives to foreclosure with Plaintiff, or provide Plaintiff with the information required by § 2923.5 before commencing foreclosure proceedings. SAC ¶¶ 22-23. Plaintiffs seek postponement or termination of the sale. *Id.* at ¶ 24.

The preliminary issue is whether § 2923.5 is preempted by the Federal Home Owner's Loan Act of 1933 ("HOLA"). As stated in the Order Dismissing FAC, the district courts in the Ninth Circuit have reached conflicting decisions on this issue.[2] This

---

[2] Courts are divided on the issue of whether § 2923.5 is preempted by HOLA, which was designed to provide a regulated nationwide system of savings and loan associations. *Compare Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1295 (S.D. Cal. 2011), *and Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010), *with Valdez v. JPMorgan Chase Bank, N.A.*, EDCV 11-0935 DOC, 2012 WL 995278, at *5 (C.D. Cal. Mar. 20, 2012), *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1616 (2011), *as modified* (June 15, 2011), *and Mabry v. Superior Court of Orange County*, 185 Cal. App. 4th 208, 221-32 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)  Date: September 20, 2012
Page 6

Court does not find it is necessary to weigh in on the debate in this case because even if § 2923.5 is not preempted by HOLA, the Plaintiff lacks standing to bring a § 2923.5 claim. *See Flores v. Wells Fargo Bank, N.A.*, 11-6619 JSC, 2012 WL 2427227 at *5 (N.D. Cal. June 26, 2012) (finding a deed of trust dated March 5, 2008 was recorded outside the "relevant statutory period" and, as the claim was not curable with amendment, it should be dismissed without leave to amend). The original deed of trust was recorded on May 21, 2002, the first loan modification was executed in 2010, and the notice of default was filed on November 16, 2011. SAC ¶¶ 10, 12, 14. None of these dates fall within the period covered by the statute. Based on the facts alleged in the SAC, the Plaintiff will not be able to cure the deficiency, thus the motion to dismiss is GRANTED with prejudice regarding the violation of § 2923.5 claim.

Furthermore, even if Plaintiff were not barred from seeking relief from § 2923.5 and the statute were not preempted by HOLA, it is unclear whether this Court could grant relief. The SAC states the "subject property is set for trustee's sale," but does not include the date of the trustee's sale. SAC ¶ 23. Even *Mabry*, the case most supportive to Plaintiff's position, acknowledges that postponement of the sale is the only remedy available. *Mabry*, 185 Cal. App. 4th at 213. If the sale has already taken place, § 2923.5 does not provide the authority to set aside the sale.

Thus, Defendant's motion to dismiss the first cause of action for violation of § 2923.5 is GRANTED WITH PREJUDICE.

### b. Second Cause of Action for Breach of Contract

To state a cause of action for breach of contract, a party must show: (1) the pleading of a contract; (2) the party's performance of the contract or excuse for nonperformance; (3) the defendant's breach; and (4) resulting damages. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006); *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999); *Otworth v. Southern Pac. Transportation Co.*, 166 Cal. App. 3d 452, 459 (1985). Furthermore, "if the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." *Harris*, 74 Cal. App. 4th at 307. Alternatively, a plaintiff can successfully plead a breach of contract claim by alleging the substance of its relevant terms. *McKell*, 142 Cal. App. 4th at 1489. This is more difficult because it requires a "careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)  Date: September 20, 2012
Page 7

      Plaintiff alleges that he entered into a contract with CHL for the purchase of the property and when the contract was assigned to the Defendant, the rights and duties owed under the contract passed as well. SAC at ¶ 27. Plaintiff fails to allege which part of the contract, if any, creates a cause of action for breach of contract when a second loan modification is not considered or granted. Plaintiff merely states that Defendant has unfairly interfered with Plaintiff's right to a loan modification, without first showing the right exists. Plaintiff's allegations that Defendant has dealt unfairly and in bad faith with the Plaintiff are conclusory. Because Plaintiff has not pled his cause of action with sufficient specificity, the motion to dismiss is GRANTED regarding the CHL contract.

      Additionally, in Plaintiff's Opposition to the present Motion, Plaintiff alleges the Defendant contracted to a loan modification and that Defendant breached the "*modified* loan contract." (Opp. at 10.) Plaintiff does not provide any specific pleading of the contract or elaborate on which part of the contract Plaintiff's complaint relies. Thus, the pleadings are insufficient for the same reasons stated above and the motion to dismiss is GRANTED regarding the loan modification contract.

      This is Plaintiff's second amended complaint. In the Order Dismissing the First Amended Complaint ("Order"), the Court communicated the standard for pleading breach of contract. (Dkt. 20, 6-7.) In the Order, this Court dismissed Plaintiff's breach of contract claims based on documents not referred to in the SAC. (*Id.*) Because the claims alleged in the present motion are sufficiently different from the FAC, the dismissal for breach of contract based on the CHL contract and the loan modification contract will not be with prejudice. The Plaintiff could cure the defect if he has a legitimate cause of action by providing the part of either contract referred to in the SAC which grants the Plaintiff the right to seek a second loan modification or an alteration of the first loan modification. If no such provision exists in either contract then there is no valid cause of action for breach of contract. Regardless, Plaintiff has one more chance to amend and properly plead a breach.

      Thus, Defendant's motion to dismiss the second cause of action for breach of contract is GRANTED WITHOUT PREJUDICE.

      **c.  Third Cause of Action for Negligence**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-0524-DOC-(JPRx)　　　　　　　　　　　　　Date: September 20, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8

---

The elements of negligence include duty, breach of duty, proximate cause, and damages. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007). To determine the scope of a duty, a court's considerations include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th 814, 820 (1997). *See also Eric M. v. Cajon Valley Union Sch. Dist.*, 174 Cal. App. 4th 285, 293 (2009). Furthermore, negligence requires that the breach be a "failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." *City of Santa Barbara v. Superior Court of Santa Barbara Cnty.*, 41 Cal. 4th 747, 754 (2007).

### i.  Defendant did not owe a duty to Plaintiff

The Plaintiff alleges a claim of negligence based on Defendant owing a duty of care in servicing Plaintiff's mortgage loan and loan modification. SAC at ¶ 34. Plaintiff readily admits that financial institutions typically do not owe a duty of care to a borrower when its activities do not exceed those of a conventional money lender. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Plaintiff argues that by offering loan modifications Defendant has exceeded the traditional scope of a money lender, and thus owes a duty to Plaintiff. Plaintiff's interpretation of loan modifications as outside the activities of a conventional money lender is inaccurate as "[n]umerous cases have characterized a loan modification as a traditional money lending activity." *Settle v. World Sav. Bank, F.S.B.*, ED CV 11-00800 MMM, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012). *See also, Johnston v. Ally Fin. Inc.*, 11-CV-0998-H BLM, 2011 WL 3241850 (S.D. Cal. July 29, 2011) (quoting ("In addition, loan modification is an activity that is "intimately tied to Defendant's lending role." *Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, at *7, 2011 WL 2936324 (C.D.Cal.2011)). *But see, Ansanelli v. JP Morgan Chase Bank, N.A.*, C 10-03892 WHA, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011) ("Yet the complaint alleges that defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan. Contrary to defendant, this is precisely 'beyond the domain of a usual money lender.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)					Date: September 20, 2012
									Page 9

---

While there appears to be inconsistent decisions among the California districts regarding whether loan modifications are within the activities of a conventional money lender, this Court finds persuasive the cases holding that offering loan modifications is sufficiently entwined with money lending so as to be considered within the scope of typical money lending activities. If money lending institutions were held to a higher standard of care by offering a service that could benefit borrowers whose circumstances have changed, the money lender would be discouraged from leniency and would assert their rights to reclaim the property upon the borrower's default. The conventional-money-lender test shall be sufficient to determine that there is no duty of care owed in servicing Plaintiff's mortgage loan and loan modification. As the Plaintiff is unable to establish a duty, it is unnecessary to discuss the elements of breach, causation, and damages.

Additionally, as the insufficiency is legal in nature, the Plaintiff will not be able to plead any facts that would cure the defect in the claim. Thus, the Court finds it is appropriate to GRANT the motion to dismiss the cause of action for negligence WITH PREJUDICE.

### d. Fourth Cause of Action for Negligent Infliction of Emotional Distress

In order to state a cause of action under negligent infliction of emotional distress, the Ninth Circuit has held that the appropriate test to apply is "whether the risk of harm to the plaintiff from the negligent act of the defendant was reasonably foreseeable; if so, the defendant owes that plaintiff a duty to exercise due care. In instances in which such reasonable foreseeability exists, a defendant may state a cause of action for emotional distress even in the absence of proof of physical injury." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 737 (9th Cir. 1986). *See also, Ess v. Eskaton Properties*, Inc., 97 Cal. App. 4th 120, 126 (2002) ("Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply.")

As stated above, the Plaintiff is unable to establish Defendant owed a duty to the Plaintiff, and therefore any cause of action based on negligence cannot proceed. As the Court cannot grant relief for the reasons stated above, the Defendant's motion to dismiss the claim of negligent infliction of emotional distress is GRANTED WITH PREJUDICE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)            Date: September 20, 2012
                                                                                        Page 10

     e. **Fifth Cause of Action for Violation of California Business and Professional Code 17200**

The Unfair Competition Law ("UCL"), codified as California Business and Professional Code 17200, was designed to protect consumers and competitors by promoting fair competition in the commercial market. *McKell*, 142 Cal. App. 4th at 1470. To allege a UCL claim, a plaintiff must show that the defendant's business practice was "unlawful, unfair, or fraudulent" by stating with reasonable particularity the facts supporting the violations. Cal. Bus. & Prof. Code § 17200 (West 2012); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Although the UCL's scope is broad, violations that sound in fraud must meet the pleading requirements under Federal Rule of Civil Procedure 9(b), which require the "who, what, when, where, and how" of the fraudulent misrepresentation. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Petersen v. Allstate Indem. Co.*, SACV 11-1987 DOC, 2012 WL 833034, at *4 (C.D. Cal. Mar. 12, 2012); *McKell*, 142 Cal. App. 4th at 1471; *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). Alternatively, a plaintiff "may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements." *Vess*, 317 F.3d at 1104.

         i. **Unlawful Practices**

Plaintiff alleges Defendant unlawfully foreclosed on the property, unlawfully breached the loan contract, and unlawfully generated the first loan modification. SAC ¶¶ 54-56. All three of the allegations for "unlawful" business practices are conclusory, and thus do not survive a motion to dismiss. The Plaintiff elaborates in the Opposition that the unlawful foreclosing of the property refers to the § 2923.5 claim, however this claim was dismissed above, as is the breach of contract claim. No law is cited for the unlawful generation of the first loan modification. As these claims are no more than "labels and conclusions" and the Plaintiff fails to show how Defendant's alleged unlawful acts support a claim for unfair competition, the motion to dismiss the claim for violation of California Business and Professional Code 17200 for unlawful business acts is GRANTED.

         ii. **Unfair Practices**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)                      Date:  September 20, 2012
                                                                                                                               Page 11

---

In order to sustain a cause of action under § 17200 for unfair business practices "[a] plaintiff alleging unfair business practices under [this statute] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 618 (1993). A claim of unfair competition includes any unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue, or misleading advertising as well as any act prohibited by the false advertisement section of the Business and Professions Code. Cal. Bus. & Prof. Code § 17200.

Plaintiff alleges the Defendant unfairly assessed the first loan modification by including the wife's income and should be required to review loan applications when there is a sudden change in the borrower's circumstances. SAC ¶¶ 56, 58. Plaintiff also alleges Defendant's unfair business practices are substantial and have resulted in harm, namely Plaintiff's foreclosure. Id. at ¶ 57. The Plaintiff fails to allege sufficient facts to support his allegations. The Plaintiff cannot sustain a cause of action on the basis of what the Defendant *should* do absent a showing of some legal obligation. Moreover, the Plaintiff fails to show how these "unfair" acts lend support to a claim of unfair competition. The motion to dismiss the claim for violation of California Business and Professional Code 17200 for unfair business acts is GRANTED.

Plaintiff alleged a violation of § 17200 in the FAC, which was dismissed with leave to amend. (Dkt. 20.) Although the Plaintiff brings the same claim under different grounds, based on the pleadings it does not appear as though the cause of action will be substantiated upon amendment. Thus, the motion to dismiss the claim for violation of California Business and Professional Code 17200 is GRANTED WITH PREJUDICE.

### f. Sixth Cause of Action for Injunctive Relief

Plaintiff asserts a cause of action for injunctive relief in the SAC, but in the Opposition admits in the Opposition that injunctive relief is relief sought and not a cause of action. (Opp., 16:2-16:5.) *See Marlin v. Aimco Venezia, LLC* , 154 Cal. App. 4th 154, 162 (2007) ("A 'cause of action' must be distinguished from the remedy sought . . . . [T]he relief is not to be confounded with the cause of action, one not being determinative of the other. An injunction is a remedy, not a cause of action." (citations omitted)); *Roberts v. Los Angeles Cnty. Bar Ass'n* , 105 Cal. App. 4th 604, 618 (2003); *Ayala v. Bank of America*, No. 09CV1946, 2010 WL 1568577, at *4 (S.D. Cal. Apr. 16, 2010). As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-0524-DOC-(JPRx)            Date: September 20, 2012
           Page 12

---

the Plaintiff's causes of actions are being dismissed, injunctive relief is not proper for any of the claims in the SAC. Therefore, Plaintiff's *cause of action* for injunctive relief is DISMISSED WITH PREJUDICE.

### IV.   Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. All claims are dismissed with prejudice except the second cause of action for breach of contract.

Plaintiff must file an amended complaint, if any, by **October 9, 2012**.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                  Initials of Deputy Clerk: jcb